IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-49 |
| | ) | (Jordan / Shirley) |
| LARRY EUGENE COSTNER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 10, 2007, the Court conducted a hearing on Mr. Costner's Motion to Continue Trial Date [Doc. 17]. Defendant Larry Eugene Costner was present along with his attorney, Jonathan Moffatt. Assistant United States Attorney Charles Atchley was present on behalf of the United States.

At the hearing, defense counsel stated that the need for disposition of Mr. Costner's pending Motion to Suppress [Doc. 16] necessitates a continuance of the trial date, currently scheduled to begin July 19, 2007. Attorney Moffatt expressed that it is in the defendant's best interest to pursue his important suppression issues pertaining to two incriminating statements he is alleged to have given to law enforcement officers about the charged offense. Attorney Moffatt explained further that the issues surrounding the Motion to Suppress are heavily dependant upon factual determinations. Accordingly, the investigation and preparation of this motion has taken more time than might be necessary in many cases, prompting an extension of the motions deadline by previous

Order of this Court. [Doc. 15]. Anticipating the need for more time to complete a full disposition of the suppression issues, Mr. Costner filed the Motion to Continue [Doc. 17] contemporaneous with the Motion to Suppress [Doc. 16]. At the government's request, [Doc. 18], the Court has granted leave for additional time to respond to the Motion to Suppress. [Doc. 19]. Both Attorney Moffatt and AUSA Atchley agree that because there is significant dispute as to the facts surrounding these events, an evidentiary hearing will be necessary for the Court to issue a Report and Recommendation on Mr. Costner's Motion to Suppress [Doc. 16].

Attorney Moffatt confirmed that he has discussed this matter with Mr. Costner. The Court questioned the defendant, who stated that he understood his right to a speedy trial. Further, Mr. Costner stated that he understood a hearing and ruling on his motion to suppress certain evidence was necessary prior to trial. The Court described to Mr. Costner that the government has been allowed a reasonable time to respond to the motion, and that an evidentiary hearing will be scheduled promptly. The Court explained to Mr. Costner that this Court will require time to adequately review the suppression issues and issue a Report and Recommendation. The Court explained to Defendant Costner that after the Report and Recommendation is made, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court further observed that all this could not be accomplished before the trial date of July 19, 2007. The defendant stated that he understood these facts and that he agreed with the need for a continuance. Defendant Costner stated that he has discussed these matters with his attorney and understood that he will remain in jail pending his new trial date.

Attorney Moffatt and AUSA Atchley agreed that all this could not be accomplished in less that 90 days and the parties both stated their position that all the time between the date of the motion's filing, June 25, 2007, and the new date of the trial is excludable from the operation of the Speedy Trial Act. Attorney Moffatt stated that the need to resolve these important issues of evidence suppression outweigh the interest of the defendant and the public in a speedy trial, and the government agreed.

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching July 19, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to pursue his suppression motion, which has been filed and is awaiting response from the government, an evidentiary hearing, a Report and Recommendation by this Court and further disposition by the District Court. See 18 U.S.C. § 3161(h)(1)(F). Specifically, the Court will need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties need time to file any objections to the Court's ruling. Should objections be made, the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the July 19, 2007, trial date or in less than 90 days. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, Mr. Costner's Motion to Continue, **[Doc. 17]**, joined orally by the government, is **GRANTED**. The trial of this matter is reset to **<u>November 6, 2007, at 9:00 a.m.</u>** before the Honorable Leon Jordan, United States District Judge. This Court will conduct an evidentiary hearing on the merits of the Motion to Suppress [Doc. 16] on **July 31, 2007**, **at 10:00 a.m.**

The Court also finds, and the parties agree, that all the time between the June 25, 2007, motion to continue and the new trial date of November 6, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. <u>See</u> 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge