IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-49 |
| | ) | |
| LARRY EUGENE COSTNER | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion, brought pursuant to 18 U.S.C. § 3146(b), for a review and revocation of the magistrate judge's detention order [doc. 24]. The government has responded and opposes the defendant's motion [doc. 25]. A transcript of the detention hearing has been prepared and filed in the case [doc. 26], and the hearing exhibits including the pretrial services report have been provided to the court, allowing the court to conduct a *de novo* review of the magistrate judge's detention order. For the reasons discussed below, the defendant's motion will be denied.

The defendant argues that it was established at the detention hearing that there are conditions of release that would reasonably assure the safety of any other person or the community. He says that he could live with his girlfriend, which would be about twenty miles from the scene of the incident that

led to these charges. His girlfriend would be willing to act as a third-party custodian. In addition, she has missed some work recently and needs the defendant's income as an iron-worker to help with her bills. In response, the government says that the magistrate judge determined correctly that the defendant is a danger to the safety of the community, and there are no conditions or combination of conditions which would reasonably assure his safe release into the community.

   At the hearing on the government's motion for detention, Adam Campbell testified that he was doing some construction work on the front porch of a house located on property next to property owned by defendant's father. Mr. Campbell heard some gunshots that continued for some time (he estimated ten to fifteen minutes), and he finally decided to investigate. When he walked around the side of the house, he saw the defendant about 100 yards away with a rifle. When the defendant saw Mr. Campbell, he turned and began shooting into the air above Mr. Campbell, who then took cover behind a well house. After the shooting stopped, Mr. Campbell found his coworker, and they called their boss on whose property they were working. Their boss called the police. Mr. Campbell believed that the defendant was shooting because of a dispute between his boss and the defendant; they were "into it quite a bit."

   This incident led to the indictment in this case charging the defendant with being a felon in possession of a firearm, albeit a revolver not a

2

rifle, in violation of 18 U.S.C. § 922(g)(1). At the detention hearing the government conceded that the defendant was probably not a risk for failure to appear, but argued that this incident as well as his past criminal history demonstrate that he is a danger to the safety of the community. The magistrate judge agreed after considering each of the factors under 18 U.S.C. § 3142(g).

This court's consideration of the § 3142(g) factors leads to the same conclusion. The record before the court shows that the charge in this case arose out of an incident involving the use of a firearm allegedly because of dispute with a neighbor. Unfortunately, it appears that the defendant resorts to violence or threats of violence when disputes arise. His criminal history is replete with charges and convictions for such behavior. His prior felonies are for arson and burglary.

While it may be true that the defendant is a member of the iron workers union and easily could find a job, his work history is rather sporadic. Further, the court finds that allowing him to reside with someone twenty miles away from the area where the incident took place would not necessarily deter the defendant from using threats and violence to settle disputes. For example, he was working in Iowa when he picked up domestic assault and assault on a police officer convictions.

Like the magistrate judge, this court finds that there is no evidence in the record that the defendant would not appear as ordered by the court, but

the court finds that there is clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the safety of the community. Particularly, the court is relying on the evidence related to the incident leading to the instant charge and the defendant's criminal history of violence and threats of violence.

The court agrees with the findings and conclusions of the magistrate judge related to the detention of the defendant. For these reasons, it is hereby **ORDERED** that the defendant's motion for review and revocation of the detention order is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge